UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO ESTRADA,<br>Plaintiff,<br>v.<br>NISSAN NORTH AMERICA, INC.,<br>Defendant. | Case No. 25-cv-00783-SK<br><br>**ORDER ON MOTION TO REMAND**<br>Regarding Docket Nos. |

This matter comes before the Court upon consideration of Plaintiff's motion to remand. The Court finds the motion suitable for disposition without oral argument and VACATES the hearing scheduled for March 24, 2025. *See* N.D. Civ. L.R. 7-1(b). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS Plaintiff's motion for the reasons set forth below.

The Court GRANTS Plaintiff's request for judicial notice.

**BACKGROUND**

Plaintiff filed this action in state court asserting claims under the Song-Beverly Act, California Civil Code §§ 1790 *et seq*., based on alleged defects to his vehicle that he purchased from Nissan North America, Inc. ("Nissan"). Nissan removed this case based on diversity jurisdiction. Plaintiff does not dispute that diversity jurisdiction exists – that the parties are diverse and that the amount in controversy exceeds $75,000. Instead, the issue is whether Nissan timely removed this matter or waited too long.

Plaintiff filed his Complaint in the Superior Court of California for the County of Alameda on November 8, 2024. (Dkt. No. 1-1.) Nissan filed an answer in state court on December 30, 2024. (Dkt. No. 1-2.) Nissan removed this action to this Court on January 23, 2025. Plaintiff now moves to remand on the ground that Nissan's removal was untimely. It is undisputed that, if

1 Plaintiff's Complaint sufficiently disclosed that this case was removable, then Defendant's
2 removal was untimely.

## ANALYSIS

### A. Legal Standards on Motion to Remand.

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence." *Valdez*, 372 F.3d at 1117. It is well established that a court must evaluate whether it has jurisdiction based on the circumstances that exist at the time the notice of removal is filed. *See, e.g., Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

### B. Plaintiff's Motion to Remand.

Pursuant to 28 U.S.C § 1446 subsections (b)(1) and (b)(3), a defendant is required to file "a notice of removal . . . within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). The two thirty-day periods "operate as

1    limitations on the right to removal rather than as authorizations to remove," and only apply to "a
2    defendant who is put on notice of removability by a plaintiff." *Id.* at 1123, 1125. Under the Ninth
3    Circuit's "bright-line approach," the thirty-day clocks start when removability is "revealed
4    affirmatively in the initial pleading" or made "unequivocally clear and certain" by another paper.
5    *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695, 697 (9th Cir. 2005). The sole question here
6    is whether Plaintiff's Complaint provided Nissan with sufficient notice of removability to trigger
7    the first thirty-day period. The Court finds that it clearly did.

8    Under California's Song-Beverly Act, a plaintiff who prevails on a breach of express
9    warranty claim is entitled to restitution in an amount equal to the actual price paid or payable by
10   the buyer, including any charges for transportation and manufactured-installed options, but
11   excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral
12   charges such as sales or use tax, license fees, registration fees, and other official fees, plus any
13   incidental damages to which the buyer is entitled under Section 1794. *See* Cal. Civil Code §
14   1793.2(d)(2)(B). This restitution award, however, is reduced by an amount based on the
15   plaintiff's use of the vehicle. This deduction, commonly referred to as the "mileage offset", is
16   calculated by multiplying the "actual price of the new motor vehicle paid or payable by the buyer .
17   . . by a fraction having its denominator 120,000 and having as its numerator the number of miles
18   traveled by the new motor vehicle prior to the time the buyer delivered the vehicle" for correction
19   of the underlying defect. *Id.* § 1793.2(d)(2)(C). Finally, the Act provides that, where a violation
20   of the Act is "willful, the judgment may include, in addition to the amounts recovered [as
21   damages], a civil penalty which shall not exceed two times the amount of actual damages." *Id.* §
22   1794(c).

23   Plaintiff alleges that he purchased the vehicle at issue on March 8, 2024, and that the
24   vehicle, "as reflected in the sales contract, has an approximate value of $53,566.00." (Dkt. No. 1-
25   1 at ¶ 8.) Plaintiff also alleges that he first presented the vehicle for repairs on March 11, 2024,
26   when it had approximately 357 miles on the odometer. (*Id.* at ¶ 11.) Further, Plaintiff alleges that
27   Nissan willfully violated the Song-Beverly Act and seeks a civil penalty of up to two times the
28   amount of actual damages. (*Id.* at ¶ 34.) Based on Plaintiff's allegation that he first presented his

3

1  vehicle for repairs when it had 357 miles on the odometer, the maximum mileage offset would be
2  less than $160 under the formula set forth in California Civil Code § 1793.2(d)(2)(C).  Thus,
3  Plaintiff's alleged damages were $53,406, and the civil penalty would be $106,816, amounting to
4  $160,218.  Thus, the amount in controversy based on the allegations in the Complaint, without
5  even considering Plaintiff's attorney's fees, well exceeds the threshold amount of $75,000.  Nissan
6  does not credibly demonstrate that Plaintiff's allegations fail to unequivocally make the grounds
7  for removal clear and certain.  Nissan argues that Plaintiff's allegation that the vehicle "as
8  reflected in the sales contract, has an approximate value of $53,566.00" is not sufficiently clear
9  because it contains the word "approximate".  (Dkt. No. 12 at p. 5.)  The Court finds Nissan's
10 argument disingenuous at best.  Plaintiff's Complaint contains all of the alleged facts necessary to
11 determine the amount in controversy.

12 Next, Nissan argues that Plaintiff failed to provide sufficient notice in his complaint of
13 diversity of citizenship.  (Dkt. No. 12 at p. 6.)  However, Plaintiff alleged in his Complaint that he
14 resides in California.  (Dkt. No. 1-1 at ¶ 2.)  Nissan is a citizen Delaware and Tennessee.  (Dkt.
15 No. 1 (Notice of Removal).)  Thus, both parties agree that there is complete diversity if Plaintiff is
16 a resident of California.  Nissan argues that the allegation in the complaint is insufficient to show
17 that Plaintiff is a resident of California and instead, for removal purposes, Nissan was required to
18 obtain evidence that Plaintiff is a resident of California.  But courts have held that allegations in a
19 complaint of residence are sufficient to support removal.  *See Pulcini v. Ford Motor Co.*, 2024
20 WL 4836469, at *3 (C.D. Cal. Nov. 19, 2024) (rejecting defendant's argument that allegation of
21 residence was insufficient for removal, explaining "courts accept Plaintiff's allegations of
22 residence in a complaint to establish diversity of citizenship for removal.  And courts in the
23 Central District, including this Court, have found that diversity jurisdiction exists based on
24 allegations of residency."); *Pulyankote v. Gen. Motors LLC*, 2023 WL 7104939, at *2 (N.D. Cal.
25 Oct. 26, 2023) (plaintiff's allegation of residence in complaint was sufficient for removal); *Kubler*
26 *v. Gen. Motors LLC*, 2023 WL 7104940, at *2 (N.D. Cal. Oct. 26, 2023) (same); *Gruber v. Gen.*
27 *Motors LLC*, 2023 WL 6457136, at *2 (C.D. Cal. Oct. 3, 2023) (same).  Nissan cites to an
28 unpublished slip opinion as purportedly holding that evidence of residence was required, but

4

1  Nissan failed to provide a copy for the Court to review.  Again, the Court finds Nissan's argument
2  disingenuous at best that Plaintiff's Complaint did not put it on notice regarding Plaintiff's
3  residence to establish complete diversity.  Therefore, the Court finds that Plaintiff's Complaint
4  clearly and unequivocally put Nissan on this that this action was removable.  Accordingly,
5  Nissan's removal was untimely and the Court, thus, grants Plaintiff's motion to remand.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and REMANDS this action to the Alameda Superior Court.  The Clerk is directed to transfer the file.

**IT IS SO ORDERED**.

Dated: March 18, 2025

_____
SALLIE KIM
United States Magistrate Judge